UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

HERBERT H.,[1]

        Plaintiff,

  v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 1:19-cv-01593-YY

OPINION AND ORDER

Plaintiff Herbert H. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401-433. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(g)(3). For the reasons set forth below, that decision is REVERSED and REMANDED for further proceedings.

Plaintiff protectively filed for DIB on July 28, 2016, alleging disability beginning on May 10, 2016. Tr. 11, 72. His application was initially denied on September 1, 2016, and upon reconsideration on October 21, 2016. Tr. 72, 84. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on June 29, 2018. Tr. 25-61. After receiving

---

[1] In the interest of privacy, the court uses only plaintiff's first name and first initial of the last name.

testimony from plaintiff and a vocational expert, ALJ Mark Triplett issued a decision on September 6, 2018, finding plaintiff not disabled within the meaning of the Act. Tr. 11-19. The Appeals Council denied plaintiff's request for review on August 7, 2019. Tr. 1-3. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to

determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff met the insured status requirements for the DIB program and had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date. Tr. 13. At step two, the ALJ determined plaintiff suffered from the following severe impairments: posttraumatic stress disorder ("PTSD"), major depressive disorder, and substance addiction disorder. *Id.* At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 14.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he could perform a full range of work at all exertional levels but was limited to only occasional contact with coworkers and the general public. Tr. 15. At step four, the ALJ found plaintiff unable to perform any past relevant work. Tr. 17. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, he could perform jobs that existed in significant numbers in the national economy, including hand packager, laundry worker, and meat clerk. Tr. 18. The ALJ therefore concluded plaintiff was not disabled. Tr. 18-19.

## DISCUSSION

### I.     Lay Witness Testimony

Plaintiff contends the ALJ erred by rejecting without explanation the written lay opinion of Francene Geers, M.A. ("Geers"). Geers is a vocational consultant who is familiar with Social Security disability regulations, as she serves as a vocational expert at Social Security Administration hearings on occasion. *See* Tr. 45 (ALJ hearing), 235 (Geers' resume). In this

matter, however, Geers was not retained by the Social Security Administration; rather, plaintiff procured Geers' opinion as an independent vocational consultant. Tr. 233.

Geers provided her opinion regarding plaintiff's ability to function in a workplace setting in a letter dated May 18, 2018. Tr. 233-34. Geers noted plaintiff has a 70% service-connected disability rating based on his PTSD. Tr. 233. She explained plaintiff had a vocational examination approximately one year before, on April 18, 2017. *Id.* Geers indicated the vocational "examiner"[2] was aware of plaintiff's "irritability with angry outbursts with no provocation (to express verbal and physical aggression towards people or objects); chronic sleep impairment; panic attacks more than once a week; disturbance of motivation and mood; difficulty in establishing or maintaining effective work and social relationships; [and] difficulty in adapting to stressful circumstances including work or [a] work-like setting." Tr. 233-34. Geers opined that based on the limitations described above, plaintiff would be unable to work in a competitive labor market because "[e]mployers are very sensitive to individuals who express verbal and physical aggression towards people or objects and have zero tolerance for this behavior." Tr. 234. She further opined plaintiff would be unable to successfully complete or benefit from a vocational rehabilitation program. *Id.*

Geers is considered a "nonmedical source" lay witness under the Act. *See* 20 C.F.R. § 404.1527(f). An ALJ is required to consider such testimony. 20 C.F.R. § 404.1527(f)(1). An ALJ may reject a nonmedical source opinion by providing reasons germane to that lay witness. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). An ALJ "should explain

---

[2] It is not completely clear whether plaintiff's vocational examination was performed by Geers or if Geers was simply summarizing a record of the examination. The examination record itself is not in evidence. Notably, however, the Commissioner does not assert that the identity of the vocational examiner is grounds for rejecting the report.

the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2).

Here, the ALJ was informed of Geers' vocational report at plaintiff's hearing and asked that it be submitted in evidence. Tr. 44-45. The report eventually was entered into the record, but the ALJ's decision does not address it.[3] The ALJ's failure to articulate *any* reason for rejecting Geers' opinion is legal error. 20 C.F.R. § 404.1527(f)(2); *Popa v. Berryhill*, 871 F.3d 902, 906 (9th Cir. 2017); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The Commissioner contends that because the Geers' lay opinion is not "significantly probative" of disability, the ALJ did not err in omitting discussion of it in the decision. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (an ALJ is not required to discuss every piece of evidence but must explain why probative evidence was rejected). However, Geers' report is clearly probative, as it describes mental limitations "beyond that which can be determined on the basis of . . . psychological abnormalities alone." 20 C.F.R. § 404.1545(e). This is because some "symptoms, such as pain, are subjective and difficult to quantify, [so] any symptom-related functional limitations and restrictions that your . . . nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account[.]" 20 C.F.R. § 404.1529(c)(3). Indeed, in some cases, the opinion of a nonmedical source "may outweigh the medical opinion of an acceptable medical source." 20 C.F.R. § 404.1527(f)(1).

---

[3] The court may not affirm the non-disability determination on grounds the ALJ did not invoke in the written decision. *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

5 – OPINION AND ORDER

Nevertheless, the court must determine whether the ALJ's error is harmless. *Molina*, 674 F.3d 1122 (citations omitted). Geers opined that plaintiff's symptoms, including "irritability with angry outbursts with no provocation," would likely preclude any type of gainful work because "[e]mployers are very sensitive to individuals who express verbal and physical aggression towards people or objects and have zero tolerance for this behavior." Tr. 234. Such testimony provides useful insight into how plaintiff's specific symptoms might significantly limit his ability to function in a normal workplace setting. Neither the hypotheticals posed to the VE at the hearing nor the RFC account for plaintiff's limitations in dealing with supervisors or "objects," despite uncontested evidence that plaintiff demonstrated such symptoms in his past work. *See* Tr. 53-58. Indeed, the ALJ endorsed plaintiff's allegations of, *inter alia*, symptoms of anger and irritability, but in a generalized statement, rejected plaintiff's allegations regarding symptom severity. Tr. 16 (listing symptoms plaintiff exhibited in the past) (citations to the medical record omitted). Further, although the ALJ identified conservative treatment and inconsistency with reported activities of daily living as rationales for rejecting symptom severity allegations overall, neither basis addresses plaintiff's symptoms of anger and irritability leading to aggressive outbursts. Finally, although the ALJ determined plaintiff had moderate limitations in his ability to work with others based on his self-report (Tr. 14), Geers' report suggests greater limitations that are consistent with plaintiff's self-report. *See* Tr. 176 (plaintiff reports complete inability to get along with authority figures such as supervisors, and that he was dismissed from a job because he caused "anxiety and disruption in the workplace").

The Commissioner argues any error is harmless because: (1) Geers' assessment considered evidence similar to that considered by the VE who testified at the hearing; and (2) the ALJ's "erroneous evaluation of lay witness testimony is harmless where the lay statement is

contradicted by 'more reliable medical evidence[.]'" Def.'s Br. 5-6 (quoting *Molina*, 674 F.3d at 1119). Regarding the first point, the VE did not consider whether the symptoms identified by Geers would preclude work because of employers' intolerance of aggressive verbal or physical outbursts; rather, the VE merely responded to two hypotheticals regarding whether jobs existed in the national economy that would allow a worker with plaintiff's RFC to perform on a sustained basis. Tr. 53-54, 58-59. Geers did not opine that a worker with plaintiff's RFC (as determined by the ALJ) would be unable to sustain work. Nor did Geers' report contradict the VE's hearing testimony. Rather, Geers opined that plaintiff's medical history included PTSD-associated symptoms of anger and irritability, and that such behavior would be met with zero tolerance by employers.

The Commissioner's second point has the potential to forgive the ALJ's error; however, on this record, the court cannot determine whether the ALJ considered Geers' opinion and rejected it in favor of "more reliable medical evidence." As explained above, it is not as though the ALJ articulated his assessment of Geers' report with less than ideal clarity; he simply failed to address it at all. *Cf. Molina*, 674 F.3d at 1114-15 (ALJ statement in decision that he evaluated the claimant's credibility in conjunction with lay witness testimony established that the ALJ reviewed the lay witness testimony). Although the Commissioner invites the court to speculate about whether the ALJ considered the lay testimony, and if so, his reasons for rejecting it, those reasons are neither apparent nor discernable on this record.[4]

---

[4] Although the court acknowledges that the state agency medical consultants opined that plaintiff could appropriately interact with co-workers and supervisors, the ALJ did not fully adopt those opinions, despite according them "great weight." *See* Tr. 18, 69 (no coworker limitation identified, in contrast to RFC), 81 (same). The Commissioner argues the ALJ permissibly accorded greater weight to the medical consultants, however, such analysis implies the ALJ considered Geers' report, but it is not clear whether the ALJ considered the report at all.

7 – OPINION AND ORDER

In sum, Geers' report, which presumably applies her vocational expertise to her knowledge of uncontested facts in this case specific to plaintiff, is precisely the type of "valuable" information ALJs are required to consider in reaching a disability determination. *See* SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006) (nonmedical sources who have encountered a claimant in their professional capacity "are valuable sources of evidence for assessing impairment severity *and functioning*") (emphasis added).[5] For the foregoing reasons, the court cannot conclude that the ALJ's error was harmless. Remand is the appropriate remedy.

## II.   VA Rating

Plaintiff asserts the ALJ erred by failing to properly evaluate his VA disability rating.[6] Ninth Circuit authority requires that "an ALJ must ordinarily give great weight to a VA determination of disability." *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)) (internal quotations marks omitted). The Commissioner concedes "the ALJ did not consider the VA's disability rating." Def.'s Br. 7. As such, there can be no dispute the ALJ erred. The only remaining issue is determining whether the error was harmless.

The Commissioner argues that plaintiff failed to contest the ALJ's rejection of subjective symptom testimony and the weight accorded to the medical opinions of record. *See* Def.'s Br. 8-9. Neither point addresses why the ALJ's error is harmless. Properly considered, the VA rating should have been accorded "great weight" by default. Although the ALJ was not compelled to reach the same conclusion, he was required to provide persuasive, specific, valid reasons for

---

[5] Although SSR 06-03p was rescinded with the promulgation of new medical regulations for DIB claims initiated on or after March 27, 2017, it remains applicable to the instant claim, initiated July 28, 2016.

[6] The parties agree there is at least "some evidence" plaintiff has a 70% service-related disability rating due to PTSD, as stated in the VA record evidence. Def.'s Br. 8; *see* Tr. 449.

rejecting the VA rating. *Luther v. Berryhill*, 891 F.3d 872, 876-77 (9th Cir. 2018) (citations omitted). Because the ALJ did not identify or explain his reasons for rejecting the VA rating, the court has no basis to review the ALJ's reasoning. In such circumstances, the Ninth Circuit has remanded to the agency for further proceedings. *See Luther*, 891 F.3d 872; *McLeod*, 640 F.3d 881; *McCartey*, 298 F.3d 1072.[7]

Further, the Commissioner has identified no case law to support the implication that a claimant is required to contest the ALJ's determinations as to his symptom testimony in order to "win" a remand where the VA rating is not properly considered, or that the ALJ's reasons for rejecting a claimant's symptom testimony is sufficient to meet the legal standard for rejecting a VA rating. The binding cases cited above contain no such requirement, and it is fair to presume the ALJs in these cases provided reasons for rejecting the symptom testimony of the respective claimants, yet the Ninth Circuit nevertheless remanded based on VA rating error alone. *Id.*

In sum, the Commissioner has not provided the court any basis for distinguishing this case from *Luther*, *McLeod*, or *McCartey*. Accordingly, the court is compelled to follow the binding precedent set forth in those cases. Because the ALJ did not consider the VA rating—and therefore failed to provide legally sufficient reasons to reject it—remand is required.

## III.  Remand

For the foregoing reasons, remand for additional proceedings is appropriate. On rehearing, the ALJ must reevaluate the record as a whole with proper consideration of (1) Geers'

---

[7] Further, the Commissioner cites no authority that a claimant is required to contest the ALJ's determinations as to his symptom testimony in order to "win" a remand where the VA rating is not properly considered, or that the ALJ's reasons for rejecting a claimant's symptom testimony are sufficient to meet the legal standard for rejecting a VA rating. The binding authority in these cases suggests there is no such requirement.

report, and (2) plaintiff's VA rating, and provide legally sufficient reasons for rejecting them, if applicable.

## ORDER

For the reasons discussed above, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED  December 14, 2020.

                                              /s/ Youlee Yim You
                                          Youlee Yim You
                                          United States Magistrate Judge